IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-02584-REB-BNB

OCD TELLURIDE LLC, a Colorado limited liability company,

Plaintiff,

v.

BLANEY MCMURTRY LLP, an Ontario limited liability partnership,

Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
AND ORDER**
_____

This matter arises on the **Defendant's Motion to Stay Discovery** [Doc. # 10, filed 11/21/203] (the "Motion to Stay"). I held a hearing on the Motion to Stay this morning and made rulings on the record, which are incorporated here.

I find, applying the factors articulated in String Cheese Incident, LLC v. Stylus Shows, Inc., 2006 WL 894955 *2 (D. Colo. Mar. 30, 2006), that the action should be stayed pending the determination of the Tenth Circuit Court of Appeals of matters raised in CGC Holding Co. v. Meisels, 13-1258 (10th Cir.). My analysis of the facts and the String Cheese Incident factors was made on the record this morning.

The duration of the stay pending the determination by the circuit court is uncertain, as is the need for this case to proceed after that ruling. Under these circumstances, the local rules of practice allow this court to close administratively this action subject to reopening on a showing of good cause, as follows:

> A district judge or a magistrate judge exercising consent

>jurisdiction may order the clerk to close a civil action administratively subject to reopening for good cause. Administrative closure of a civil action terminates any pending motion. Reopening of a civil action does not reinstate any such motion.

D.C.COLO.LCivR 41.2.

IT IS ORDERED:

(1)   The Motion to Stay [Doc. # 10] is GRANTED; and

(2)   The scheduling conference set for February 13, 2014, at 10:00 a.m., is

VACATED.

In addition, I respectfully RECOMMEND that the action be closed administratively, to be reopened on a showing of good cause.[1]

Dated January 17, 2014.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).